IN THE UNITED STATES DISTRIC COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LARRY J. RICHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| IEH AUTO PARTS d/b/a | ) |
| PEP BOYS, Manny, Moe & Jack LLC | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **Complaint and Jury Demand**

The Plaintiff, Larry J. Richey, by and through his attorneys, Bonnie Travaglio Hunt of Hunt Law LLC and Peter Kaufman of Kaufman Labor & Employment Solutions, LLC, does hereby complain against the Defendant, IEH Auto Parts d/b/a Pep Boys Manny, Moe & Jack LLC, as follows:

### **Nature of the Action**

1. This is an action brought pursuant to the laws of the United States of America.

2. This is an action brought pursuant to Civil Rights Act and EEO laws of the United States of America.

### **Parties**

3. The Plaintiff, Larry J. Richey, hereinafter referred to as the *Plaintiff*, is an individual who at all times relevant herein was a resident of the of the State of South Carolina.

4. At all relevant times as presented herein the Plaintiff was an employee as defined by Federal and South Carolina Law.

1

5.   The Plaintiff is informed and believes, and based thereon alleges, that Defendant, IEH Auto Parts d/b/a Pep Boys Manny, Moe & Jack LLC, herein referred to as the *"Defendant"*, is, and at all times relevant herein was an entity operating in the State of South Carolina. The Defendant is subject to the laws of this Court pursuant to State and Federal Law.

6.   At all relevant times as presented herein the Defendant was an employer as defined by Federal and State Law.

## Jurisdiction and Venue

7.   The Charleston Division is the proper venue for this action because this is the Circuit in which all or a substantial part of the events or omissions giving rise to the claims occurred.

## Procedural Prerequisites

8.   The Plaintiff properly filed for discrimination based on Disability Discrimination, Age Discrimination, Sex Discrimination, Retaliation, and Hostile Work Environment with the Equal Employment Opportunity Commission.  The Charge set forth the following:

   I.   *That I was employed with the employer from 5/19/2009 until my termination on November 15, 2022.*
   II.   *That during my employment I suffered a heart attack.  After I returned to work after my heart attack my pay cut in half.*
   III.   *I had a second heart attack and was terminated.*
   IV.   *That younger non-disabled employees were paid more money, not subjected to cut in pays and not terminated for worse offenses.*
   V.   *That I was treated differently based on my age, sex, and perceived disability.*
   VI.   *That I informed my employer of my disability during my employment.*
   VII.   *That during my employment I was subjected to commentary regarding my age and my disability.*
   VIII.   *That I complained about the treatment I was receiving.*
   IX.   *That I have requested accommodation and was denied.  As a result of the requests, sex, perceived disability, and age I was terminated from my employment.*
   X.   *That younger individuals have been treated more favorably and not discipline/terminated for the same issues as I was.*

2

XI.   *That individuals who are younger and not perceived as disabled are treated more favorably, not bullied, not harassed, and not subjected to discrimination.*

XII.   *That younger female employees were not subjected to the same actions and paid more money.*

XIII.   *That I am being treated differently based on my age, sex and disability.*

XIV.   *That younger employees were hired at a hirer rate of pay with less experience, and promoted to better positions whereas I was not given pay raises or promoted based on my age, sex, and perceived disability.*

XV.   *That I have been discriminated against based on my age in violation of the Age Discrimination in Employment Act.*

XVI.   *That I have been discriminated against based on my sex in violation of Title VII.*

XVII.   *That I have been discriminated against based on my Disability in violation of ADA.*

XVIII.   *That I was subjected to a hostile work environment based on my perceived Disability and Age in violation of Americans with Disabilities Act and the Age Discrimination in Employment Act.*

9.   On March 7, 2024, the EEOC issued the following to the Plaintiff:

*After a careful and thorough review of your correspondence and the existing file material, it is not likely that further investigation would yield evidence sufficient to show that a violation occurred. Therefore, it has been determined that no further action is warranted, and your charge will be dismissed. You will receive the dismissal notice which describes your right to pursue this matter further by filing a lawsuit in federal court within 90 days of your receipt of the dismissal notice. If you fail to file a lawsuit within the statutory 90-day period, your right to sue in federal court will expire and cannot be restored by the EEOC. We hope this information is helpful and regret there is nothing further we can do in this matter.*

10.   The EEOC issued a right to sue March 7, 2024.  The right to sue set forth the following:

***DETERMINATION OF CHARGE***
*The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in*

3

*compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.*
***NOTICE OF YOUR RIGHT TO SUE***
*This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 415-2023-00394.*

11.    The Plaintiff hereby files his complaint within 90 days.

### **FACTS**

12.    That the Plaintiff is a Caucasian Male over the age of 40.

13.    The Plaintiff was hired by the Defendant on May 18, 2009, as a Master Auto Technician.

14.    When the Plaintiff was hired the Plaintiff brought his $8,000.00 toolbox with his tools to the Defendant's facility.

15.    That throughout the Plaintiff's employment the Defendant treated younger individuals more favorably than the Plaintiff.

16.    That the Plaintiff performed his duties and responsibilities as required.  That the Plaintiff was considered an exemplary employee up and until he began to have issues with his health.

17.    That in 2019, the Plaintiff had a heart attack that required triple bypass surgery.  After the heart attack he returned to work in July 2019.

18.    Immediately after the heart attack the Plaintiff's pay was reduced by half and he was placed in a position in the store as a sales associate.

19.    That the Plaintiff was subjected to commentary regarding his age and disability.

20. That in November of 2022, the Plaintiff had a second heart attack at work.

21. The Plaintiff drove himself home where his wife called an ambulance.

22. The Plaintiff stayed in the hospital for 3 days and returned to work 4 days after the heart attack.

23. On the day the Plaintiff returned to work from the heart attack he worked till 4:00 pm when he was informed that he was being terminated due to an incident with a customer that occurred 6 months prior.

24. That the day after the Plaintiff was terminated the Defendant canceled the Plaintiff's insurance.

25. At the time of the cancelation of his health insurance the Plaintiff was still being treated for his heart attack and his wife was being treated for cancer.

26. After the Plaintiff's termination the Plaintiff's tools were returned to him by a friend. However, during the Plaintiff's employment the Defendant damaged his $8,000.00 toolbox and did not pay for the damage or replace the toolbox.

27. During the Plaintiff's employment he witnessed several employees commit worse violations of policy and not be terminated.

28. The Plaintiff was aware that an employee stole $15,000.00 and was not terminated.

29. That the Plaintiff was treated rudely, unprofessionally, harassed and abused by Management.

30. That the Defendant directly violated its own policies regarding the Plaintiff by failing to protect the Plaintiff from discrimination and a hostile work environment.

31. That the Defendant treated the Plaintiff disparately differently than it treated similarly situated employees.

5

32. That each of the Defendant's actions were based on consideration of the Plaintiff's Age and Disability, the Defendant violated the ADEA and ADA.

33. That the Defendant unlawfully discriminated against the Plaintiff because of his age, and disability.

34. That as a direct result of the Defendant's violation of the ADEA and ADA the Plaintiff has suffered:

     a.     Economic Damages;

     b.     Economic Benefit Damages;

     c.     Anxiety humiliation and emotional damages.

35. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADEA, and the ADA.

36. That the Defendant took adverse employment action against the Plaintiff by:

     a.     Failing and refusing to protect him from discrimination;

     b.     Subjecting the Plaintiff to continuing harassment and hostile work environment; and

     c.     Terminated him from his employment.

37. That the Defendant created a hostile work environment because the Plaintiff was protected by ADA and ADEA based on his age and perceived disability.

38. That as a direct, proximate result of the actions of the Defendant, the Plaintiff is entitled to actual, consequential, punitive damages, attorney's fees and costs, costs associated with this litigation and any other damages as this Honorable Court sees fit.

## FOR A FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF THE

## AMERICANS WITH DISABILITIES ACT

39.    That Paragraphs one(1) through thirty eight (38) are hereby incorporated verbatim.

40.    The Defendant is an employer as defined in ADA.

41.    That the Plaintiff is an employee as defined by the ADA.

42.    That the Plaintiff was considered an exemplary employee.

43.    That while he has been employed with the Defendant, the Plaintiff has been able and has performed his job duties in a satisfactorily level of the Defendant.

44.    That the Plaintiff suffered a heart attack in 2019.  When her returned to work his pay was reduced to half and he was placed in a sales associate position.

45.    In 2022, the Plaintiff had a second heart attack.  When he returned to work from his heart attack he was terminated for an incident that occurred in May of 2022.

46.    That the Defendant perceived the Plaintiff as disabled and wanted to find any reason to terminate the Plaintiff's employment.

47.    That the Defendant considered the Plaintiff's disability or perceived disability when considering any and all employment decisions.

48.    That the Defendant treated younger non-disabled employees more favorably.

49.    That the Defendant terminated the Plaintiff from his employment because of his perceived disability and their unwillingness that they may have to accommodate the disability.

50.    That the Defendant violated its own policies and procedures when it allowed employees to harass the Plaintiff based on a perceived disability.

51. As a result of that perceived disability the Defendant's employees harassed the Plaintiff, made substantial negative commentary and bullied the Plaintiff.

52. That the Defendant failed and refused to stop the harassment.

53. That the Defendant discriminated against the Plaintiff based on his disability, record of disability, and or perceived disability.

54. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

55. That any and all reasons offered by the Defendant as a reason for the Plaintiff's termination is pretextual.

56. That the Plaintiff has suffered severe emotional damages as a result of the Defendant's discrimination against the Plaintiff.

57. That the Plaintiff was subjected to discrimiantion based on consideration of his disability, the Defendant's perception of the Plaintiff's disability, or in consideration of the Plaintiff's disability, the Defendant violated the ADA.

58. That as a direct result of the Defendant's violation of ADA the Plaintiff has suffered:

 a. Lost wages and lost benefits;

 b. Future lost wages and Benefits;

 c. Economic damages;

 d. Economic hardship;

 e. Lost wages;

 f. Suffered anxiety, humiliation and emotional damages.

59. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs

of this action and all other damages available pursuant to the ADA for the Defendant's

discrimination against the Plaintiff based on his disability.

**FOR A SECOND CAUSE OF ACTION**

**HOSTILE WORK ENVIRONMENT**

**BASED ON AGE DISCRIMINATION IN VIOLATION OF THE ADEA AND**

**DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

60.    Paragraphs one (1) through fifty nine (59) are hereby incorporated verbatim.

61.    That the Plaintiff was an employee of the Defendant.

62.    That the Defendant was an employer in accordance with the ADEA and ADA.

63.    That the Plaintiff was treated differently based on his perceived disability and age.

64.    That other employees were not harassed as the Plaintiff was.  Non-disabled younger
employees were not subjected to the commentary regarding issues such as the Plaintiff was
being called names, when are you going to retire, when are you going to go out on disability
and further subjected to commentary.

65.    That the Plaintiff was subjected to harassment and discrimination based on his Age and
Perceived Disability.  The Defendant treated the Plaintiff differently than his counterparts
by subjecting him to commentary, demoting him, and terminating his employment.

66.    That the Defendants subjected the Plaintiff to harassment and hostile work envrionment.

67.    That the Plaintiff's work environment was abusive, to the point of severe and  pervasive.

68.    That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile
work environment based on the Plaintiff's Age and Actual/Perceived Disability.

69.    That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and
pervasive work environment that the Defendant subjected the Plaintiff.

70.     That the Plaintiff has been damaged as a result of the Defendant's work environment.

71.     That the Defendant are the direct and proximate cause of damage to the Plaintiff.

72.     That the Plaintiff is entitled to actual, compensatory, consequential and punitive damages from the Defendant as a result of the hostile work environment.

**FOR A THIRD CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF ADEA, AND ADA**

73.     Paragraphs one (1) through seventy two (72) are hereby incorporated verbatim.

74.     That the Plaintiff participated in a protected act when he reported discrimination and retaliation.

75.     That the Plaintiff was retaliated against for reporting violations of his Civil Rights Act.

76.     That the Defendant took adverse employment action against the Plaintiff because he had engaged in actions protected by the ADEA and the ADA when he complained of age discrimination, disability discrimination and being subjected to discrimination.

77.     That the Defendant treated the Plaintiff differently regarding the terms and conditions he reported discriminatory actions.   The Plaintiff suffered retaliation for his complaints regarding discrimination.

78.     That, as a direct and proximate result of the Defendants' intentional unlawful and retaliatory actions, the Plaintiff:

      i.   suffered severe emotional distress;

      ii.   suffered future lost wages and future lost benefits;

      iii.   suffered economic damages;

      iv.  Loss of employment;

      v.   Loss of Future employment;

      vi.  incurred attorney fees for this action;

      vii.  incurred costs of this action; and

      viii.  will incur future attorney fees and costs.

79.   That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

<u>**FOR A FOURTH CAUSE OF ACTION**</u>

<u>**AGE DISCRIMIANTION IN VIOLATION OF THE ADEA**</u>

80.   That the Plaintiff hereby incorporates paragraphs one (1) through seventy nine (79).

81.   That the Plaintiff was subjected Age Discrimination while employed with the Defendant.

82.   That the Defendant, treated the Plaintiff significantly differently based on his age.

83.   That the Defendant, treated the Plaintiff significantly different than it treated younger employees.  That the Defendant did not discipline younger employees for actions that would have been terminable offesnses.  The Plaintiff was replaced by a younger individual.

84.   That the Defendant's actions towards the Plaintiff violated the law.

85.   That the Defendant terminated the plaintiff from his employment in violation of the law because of his complaints of discrimination.

86.   That the Defendant is the direct and proximate cause of damage to the Plaintiff.

87.   That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, the Plaintiff:

    a.  suffered severe emotional distress;

11

     b.   suffered future lost wages and future lost benefits;

     c.   suffered economic damages;

     d.   Loss of employment;

     e.   Loss of Future employment;

     f.   incurred attorney fees for this action;

     g.   incurred costs of this action; and

     h.   will incur future attorney fees and costs.

88.   That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

Entry of judgment in favor of the Plaintiff and against Defendants;

1.     Economic Damages;

2.     Future Economic damages;

3.     Lost Wages;

4.     Future Lost Wages;

5.     Lost Benefits;

6.     Future Lost Benefits;

7.     Compensatory and consequential damages;

8.     All damages available pursuant to ADEA;

9.     All damages available pursuant to the ADA;

10.    Attorneys fees and costs; and

11.    Other such relief as may be appropriate to effectuate the purposes of South Carolina Law;

12.    All other damages as are available under Federal Law; and

13.    All other damages as this Honorable court sees fit.

Respectfully Submitted,

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

*s/Peter Kaufman*
Peter Kaufman
Kaufman Labor & Employment Solutions, LLC
SC Bar #100144
295 Seven Farms Dr. Ste C-267
Charleston, SC 29492
(843)513-6062
pkaufmanlaw@gmail.com

May 1, 2024

13